IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON ABADI,       Plaintiff, | : : : | |
| v. | : : | NO. 22-CV-2854 |
| TARGET CORPORATION, *et al.*,       Defendants. | : : : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                          **JANUARY 9, 2023**

**I.      INTRODUCTION**

*Pro se* Plaintiff Aaron Abadi[1] ("Plaintiff") maintains three claims against Target Corporation ("Target") and unnamed employees of Target Corporation (collectively "Defendants"), alleging that Defendants discriminated against him on the basis of a disability in violation of Title III of the Americans with Disabilities Act ("Title III"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, ("PHRA"). ECF No. 2. Before the Court is Target's fully briefed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 28 U.S.C.§ 1915(e)(2)(A). ECF Nos. 23, 25, 26. For the reasons set forth below, the Court will grant Target's Motion and dismiss this case. An appropriate order will follow.

---

[1] The Court notes that although Plaintiff is *pro se*, he is no stranger to litigating and has a history of filing lawsuits and appeals related to mask and vaccine requirements. *See Abadi v. Walt Disney World Parks & Resorts*, 338 So. 3d 1101 (Fla. Dist. Ct. App. 2022); *Abadi v. The Walt Disney Co., et al.*, 22-cv-01343 (S.D.N.Y.); *Abadi v. NYU Langone Health et al.*, 21-cv-11073 (S.D.N.Y.); *Abadi v. British Airways PLC, et al.*, 21-cv-1082 (S.D.N.Y.); *Abadi v. City of New York*, 21-cv-08071 (S.D.N.Y.); *Abadi v. Caesars Ent., Inc.*, 22-cv-00285 (D. Nev.); *Abadi v. Marina Dist. Dev. Co., LLC*, 22-cv-00314 (D.N.J.); *Abadi v. Quick Check Corp.*, 21-cv-20272 (D.N.J.); *Abadi v. Walmart, Inc.*, 22-cv-00228 (D. Me.); *Abadi v. U.S. DOT*, 22-1012 (D.C. Cir.); *Abadi v. TSA*, 21-1258 (D.C. Cir.); *Abadi v. OSHA*, 21-4133 (6th Cir.); *Abadi v. U.S. DOT*, 21-7372 (U.S.); *Abadi v. U.S. DOT*, 22- 5026 (U.S.).

## II.     BACKGROUND

The incident giving rise to this case is straightforward. On the evening of January 11, 2021, Plaintiff entered a Target store located at 4000 Monument Road in Philadelphia (the "Store"). ECF No. 2 ¶ 24. At the time, Target maintained policies for its retail stores to ensure the health and safety of its guests and employees during the height of the Covid-19 pandemic. ECF No. 23 at 5. One such policy was the requirement that customers entering the Store wear a face mask. ECF No. 2 at ¶ 24.

However, Plaintiff entered the Store without wearing a mask due to a medical condition. ECF No. 2, Ex. B (letter from Dr. Karasina). Plaintiff suffers from a sensory processing disorder and is extremely sensitive to touch. ECF No. 2 at ¶ 10–12. Plaintiff cannot wear glasses, hats, neckties, starched shirts, or face masks without experiencing headaches and anxiety. *Id.* When approached by an employee of the Store, Plaintiff attempted to explain his disorder and reason for not wearing a mask to no avail. *Id.* at ¶ 24. Eventually, several employees of the Store were following Plaintiff and imploring him to put on a mask or otherwise leave the Store. *Id.* at ¶ 25. Plaintiff asked to speak with the Store Manager, who told Plaintiff that he had to leave, notwithstanding Plaintiff's attempts to explain that his medical condition exempted him from mask requirements. *See id.* at ¶ 26–32. Plaintiff left the Store after this exchange. *Id.* at ¶ 33. Though Plaintiff does not specify the total duration of the incident, the Court infers that it lasted only "several minutes." *See id.* at ¶ 29.

## III.    PROCEDURAL HISTORY

After unsuccessfully pursuing a claim with the Pennsylvania Human Relations Commission, Plaintiff initiated this action on July 19, 2022 when he filed the Complaint and a motion to proceed *in forma pauperis*. ECF Nos. 1–2. The *pro se* Complaint asserted five claims against Target and unnamed employees of Target: discrimination in violation of Title III of the

Americans with Disabilities Act ("Count I"); conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985 ("Count II"); negligence in preventing an interference with civil rights pursuant to 42 U.S.C. § 1986 ("Count III"); discrimination in violation of the Pennsylvania Human Relations Act ("Count IV"); and discrimination in violation of Section 504 of the Rehabilitation Act ("Count IV"). ECF No. 2. As set forth in the Complaint, Plaintiff seeks: (i) compensatory damages of at least $300,000; (ii) punitive damages as determined by the Court; (iii) declaratory relief providing that Plaintiff is exempt from wearing a mask and is "allowed to go anywhere and everywhere without harassment or discrimination" and that "disability laws did not go into abeyance until Covid disappears"; (iv) injunctive relief requiring Target to "notify every employee[] and staff member that disability laws are applicable to all, and that they are all required to become familiar with those laws"; (v) injunctive relief requiring that Target "allow Plaintiff to enter all its facilities"; and (vi) any other relief deemed appropriate. *Id.* at 20–21.

On July 28, 2022, the Court granted Plaintiff's motion to proceed *in forma pauperis* but dismissed Counts II and III with prejudice.[2] ECF No. 7. Plaintiff sought reconsideration of the dismissed claims on August 8, 2022, which the Court denied on August 29, 2022. ECF Nos. 11, 15. Plaintiff then appealed to the Third Circuit on September 8, 2022. ECF No. 18. On December 1, 2022, the Third Circuit dismissed Plaintiff's appeal for lack of appellate jurisdiction. ECF No. 28.

---

[2] Even if a party does not make a formal motion to dismiss, "the Court may on its own initiative dismiss the complaint for failure to state a claim upon which relief can be granted where the inadequacy of the complaint is apparent as a matter of law." *Belfi v. USAA Federal Savings Bank*, No. 22-cv-2083, 2022 WL 4097325, at *3 (E.D. Pa. Sept. 7, 2022). The Court dismissed Plaintiff's claims with prejudice because any amendments would have been futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251, (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). As described in the Court's Order, dismissal of Count III was warranted because the intra-corporate conspiracy doctrine provides that employees and officers of a corporation cannot conspire amongst themselves or with the entity when they are acting in their capacities as agents of the corporation. ECF No. 7 at 2 (collecting cases and providing the Court's rationale in full). Count IV, in turn, was dismissed because a plausible § 1986 claim depends upon the existence of a plausible § 1985 claim. *Id.*

Following the Court's dismissal of Counts II and III, Target filed the instant Motion to Dismiss Plaintiff's remaining claims (Counts I, IV, and V) on October 11, 2022. ECF No. 23. Plaintiff filed a Response on October 13, 2022, to which Target Replied on October 31, 2022. ECF Nos. 25–26. The Motion has been fully briefed and is now ripe for consideration.

## IV.     STANDARD OF REVIEW

### a. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

A Rule 12(b)(1) motion addresses a Court's "very power to hear the case." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The Third Circuit has identified two types of Rule 12(b)(1) motions: "[those] that attack the complaint on its face and [those] that attack subject matter jurisdiction as a matter of fact[.]" *Mortensen*, 549 F.2d at 891. In the present matter, Target purports to raise a factual attack. ECF No. 23 at 11. However, a factual attack may be raised "at any stage of the proceedings, *from the time the answer has been served* until after the trial has been completed." *Id.* at 889–92 (emphasis added); *see also Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014) (finding that the District Court erred in construing a Rule 12(b)(1) motion as presenting a factual attack, rather than a facial attack, when defendants "filed the attack before it filed any answer to the Complaint."). Here, Target's Rule 12(b)(1) motion was filed prior to an answer and will therefore be "considered a facial challenge to jurisdiction." *Aichele*, 757 F.3d at 357.

In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering Plough Corp. Intron / Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.

2000)) (internal quotation marks omitted). Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party. *Id.* Accordingly, "well-pleaded factual allegations are taken as true, and reasonable inferences are drawn in the plaintiff's favor." *Id.* Dismissal is proper for claims that "clearly appear to be immaterial and made solely for the purpose of obtaining jurisdiction" or are "wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1408–09 (3d Cir. 1991) (quoting *Bell v. Hood,* 327 U.S. 678, 682 (1946)).

    b. **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

To survive a motion to dismiss for failure to state a claim, the Complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when the plaintiff pleads factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts are required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

However, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The *pro se* litigant's complaint is "to be liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).; *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Yet *pro se* plaintiffs must still meet a minimum

5

standard by "alleg[ing] sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## V.   DISCUSSION

Viewed in the light most favorable to him, Plaintiff has not shown that he has standing to pursue injunctive relief under Title III, and dismissal of Count I is appropriate pursuant to Fed. R. Civ. P. 12(b)(1). Additionally, Plaintiff's factual allegations fail to state any plausible claims for relief under Section 504, and dismissal of Count V is warranted pursuant to Fed. R. Civ. P. 12(b)(6). Finally, the Court will construe the Complaint to confer subject matter jurisdiction over Plaintiff's remaining state law claim but will nevertheless dismiss Count IV because Plaintiff's claim fails as a matter of law. Because dismissal is otherwise appropriate, the Court does not reach Target's assertion that dismissal is required pursuant to 28 U.S.C.§ 1915(e)(2)(A).[3]

### a. Plaintiff's Title III Claim

Plaintiff brings his first claim under Title III of the ADA which prohibits discrimination on "the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Importantly, Title III only allows for injunctive relief and only then when the plaintiff shows an ongoing harm or "immediate threat of future injury." *See Lloyd v. Hilton Garden Inn*, No. 20-cv-4070, 2021 WL 2206291, at *3 (E.D. Pa. June 1, 2021).

---

[3] Dismissal is required at any time if the Court determines that allegations of poverty made in support *in forma pauperis* status were untrue. 28 U.S.C.§ 1915(e)(2)(A). Target spends considerable effort scrutinizing Plaintiff's social media presence, status as CEO of a business (the success of which is unclear), and other circumstantial evidence suggesting that he is not impoverished. ECF No. 23. Plaintiff provides that his travels were paid for by others or necessary due to emergency circumstances, that his social media presence does not accurately capture the reality of his finances, and that his business is not lucrative. ECF No. 25. The Court declines to speculate as to Plaintiff's financial circumstances because dismissal is appropriate on other grounds.

Target challenges Plaintiff's Article III standing to pursue his Title III claim, which is "properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Aichele*, 757 F.3d 347, 357 (3d Cir. 2014); *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) ("Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."). To demonstrate Article III standing, Plaintiff must establish: (i) he suffered an injury-in-fact; (ii) the injury is fairly traceable to the challenged action of the defendant; and (iii) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish an injury-in-fact, an allegation of future injury "may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (internal citations omitted). Allegations based on "conjectural or hypothetical" future injury are insufficient to establish standing. *Trump v. New York*, 141 S. Ct. 530, 535 (2020). Because this Motion presents a facial challenge to jurisdiction, the Court considers only the allegations set forth in the Complaint, the documents referenced therein and, where appropriate, the facts alleged by *pro se* Plaintiff in his Response to the instant Motion, and the Court views such allegations in the light most favorable to Plaintiff.

Based on the facts alleged, Plaintiff must demonstrate a "real or immediate threat that [he] will be wronged again—a likelihood of substantial and immediate irreparable injury." *Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757, 758 (3d Cir. 2015) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). A likelihood of substantial and immediate irreparable injury in the Title III context is assessed by considering: (1) the proximity of defendant's business to plaintiff's residence; (2) plaintiff's past patronage of defendant's business; (3) the

definiteness of plaintiff's plans to return; and (4) plaintiff's frequency of travel near defendant's business. *Brown*, 615 F. App'x at 758.

Assuming, *arguendo*, that Plaintiff has sufficiently pled each of the four "immediate irreparable injury" factors,[4] Plaintiff nevertheless lacks standing because he failed to plead that the mask mandate was in effect at the time of filing his Complaint, and any allegations of a future mask mandate are purely conjectural. Past exposure to illegal conduct, if any indeed existed, "does not itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Lujan*, 504 U.S. at 564. In the Title III context, standing does not exist "where a fear of subsequent discrimination is unfounded or is not based in reality." *Doe v. Nat'l Bd. Of Med. Examiners*, 210 F. App'x 157, 160 (3d Cir. 2006); *see also Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (imminent injury exists under Title III where plaintiff was threatened with a harm in the future due to "existing or imminently threatened non-compliance with the ADA").

Plaintiff alleges that the purported discrimination occurred on January 11, 2021. ECF No. 2. Because this is a facial attack under Rule 12(b)(1), the Court will not consider Target's factual assertions with respect to the existence of a general mask mandate (even if it is different from the policy alleged by Plaintiff) or when any such mandate was lifted. However, at no point in Plaintiff's Complaint, filed July 19, 2022, does he allege that a mask requirement was *still* in

---

[4] As to the first factor, the Complaint indicates that Plaintiff resides in New York City and the Target location is located in Philadelphia. ECF No. 2 ¶¶ 1, 24. Nevertheless, Plaintiff's Response to the instant motion avers that his girlfriend resides one mile from the Target in Philadelphia. ECF No. 25 at 13. As to the second factor, Plaintiff's Complaint only vaguely asserts that he had "come to this store before." ECF No. 2 ¶ 24. However, Plaintiff clarifies in his Response that due to the proximity to his girlfriend's house he has visited the Target "dozens of times" and, specifically, has been there several times since the mask restriction was lifted. ECF No. 25 at 13. The Complaint is silent as to the third and fourth factors. ECF No. 2. Plaintiff summarily asserts that he will "be going there in the future," but does not specify how frequently he travels to the area to see his girlfriend or otherwise. ECF No. 25 at 13. The Court notes that these clarifications would have been more appropriately pled in in Amended Complaint but, because Plaintiff is *pro se*, will not base its decision on procedural missteps.

8

effect at the time of filing. Indeed, Plaintiff's prayer for relief does not seek an injunction requiring that Target modify its policies, lift its mask mandate, or similar. *See* ECF No. 2 at 21 (seeking injunctive relief requiring Target to educate its employees on disability laws and requiring that Plaintiff be allowed to enter all its facilities, full stop). This alone is enough to find Plaintiff without standing. Moreover, Plaintiff confirms that as of the filing of his Response to the instant motion on October 13, 2022, "the mask restrictions were lifted" and he has returned to Target "several times." ECF No. 25 at 13. In sum, Plaintiff's submissions to the Court do not establish that at the time the Complaint was filed or presently, in January 2023, there are any mask policies to enjoin or that there is any imminent threat of non-compliance with the ADA.[5] Accordingly, Plaintiff does not have standing to pursue injunctive relief for his Title III claim and Count I must be dismissed.[6]

    b. **Plaintiff's Section 504 Claim**

Plaintiff also brings a discrimination claim under Section 504 of the Rehabilitation Act which provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any *program or activity* receiving Federal financial assistance." 29 U.S.C. § 794(a) (emphasis added). Plaintiff alleges that Target is subject

---

[5] Plaintiff argues that there is an imminent threat of future mask mandates because "anything can happen in the future" regarding COVID-19 such as the emergence of variant strains, the availability and adoption of vaccines and testing, and government actions in response to some unspecified development of COVID-19. ECF No. 25 at 13. This assertion is conjecture and falls far short of the imminency required to establish standing.

[6] Nor does Plaintiff have standing to pursue injunctive relief for his Section 504 claim. *See Giterman v. Ponoco Med. Ctr.*, 361 F. Supp. 3d 392, 408 (M.D. Pa. 2019) ("Plaintiff's lack of standing to pursue claims for injunctive and declaratory relief under Title III of the ADA is equally fatal to her parallel or alternative claims under [Section 504]."); *see also Shaika v. Gnaden Huetten Memorial Hosp.*, No. 15-cv-0294, 2015 WL 4092390, at *8 (M.D. Pa. July 7, 2015) ("[I]nsofar as the plaintiff seeks injunctive relief and declaratory relief regarding her [Rehabilitation Act] claim, these requests for relief will also be dismissed with prejudice for the same reasons that this relief will be dismissed regarding her ADA claim, i.e., for lack of standing"). To the extent that Plaintiff seeks more than injunctive and declaratory relief pursuant to Section 504, Plaintiff's Section 504 claim must be dismissed pursuant to Rule 12(b)(6) as set forth below.

to Section 504 because it "has been a recipient of significant federal funds during the Covid pandemic." ECF No. 2 at ¶ 73. In his Response to this Motion, Plaintiff further asserts that Section 504 is applicable because Target's in-store pharmacies "receive large sums from Medicare and Medicaid." ECF No. 25 at 14.

To sufficiently plead a claim under Section 504 against a private corporation, such as Target, Plaintiff must plausibly allege that, *inter alia*,[7] the defendant operates a "program or activity" as defined by Section 504. A private corporation is considered a covered "program or activity" only if: (i) it is "principally engaged in the business of providing education, health care, housing, social services, or parks and recreation" *and* it receives Federal financial assistance; or (ii) if the federal financial assistance it receives is extended to the entire corporation "as a whole" rather than for a specifically delineated purpose. 29 U.S.C. § 794(b)(3)(A)–(4).

Federal financial assistance in the form of Medicare or Medicaid reimbursement may subject a corporation to Section 504 if the entity is otherwise engaged in one of the quasi-public industries contemplated by the Act.[8] *See Cummings v. Premier Rehab Keller,* 142 S. Ct. 1562, 1569, (2022) (Physical therapy rehabilitation center was subject to Section 504 "because it receives reimbursement through Medicare and Medicaid for the provision of some of its services."); *but see Pletcher v. Giant Eagle Inc.*, No. 20-cv-0754, 2022 WL 814268, at *9 (W.D. Pa. Mar. 17, 2022) (plaintiffs failed to state a plausible Section 504 claim where, among other

---

[7] To establish a violation of Section 504, a plaintiff must prove that (1) he or she is handicapped under the Act; (2) qualified for the program of benefits from which he or she had been excluded; (3) the program receives federal financial assistance; and (4) he or she was precluded from participating in the program because of their handicap." *Lloyd*, 2021 WL 2206291, at *5 (citing *Sullivan v. Pittsburgh*, 811 F.2d 171, 181-82 (3d Cir. 1987)).

[8] Plaintiff has not alleged that Target received federal financial assistance "as a whole" pursuant to 29 U.S.C. § 794(b)(3)(A)(i). Indeed, federal financial assistance that is "extended to a corporation or other entity 'as a whole' refers to situations where the corporation receives general assistance that is not designated for a particular purpose." S. REP. No. 100-64 at 17. Necessarily, funds allocated to an entity via Medicare or Medicaid are for a particular purpose. Additionally, Plaintiff makes no factual allegations regarding the nature of any purported Covid-related federal financial assistance and the Court cannot reasonably infer that such financial assistance was extended to Target "as a whole."

issues, grocery store with on-site pharmacy that received Medicare payments was not primarily engaged in health care services). Here, Plaintiff has not alleged that Target is "principally involved" in providing education, health care, housing, social services, or parks and recreation. The Complaint addresses this element briefly and with only a conclusory statement: after repeating the covered industries the Complaint concludes only that "[t]hese would include the defendant." ECF No. 2 at ¶ 75. This threadbare allegation is not enough to defeat a motion to dismiss. *Twombly*, 550 U.S. at 555.

Additionally, entities such as Target have been deemed to be beyond the reach of Section 504, and Plaintiff has provided no reason to interpret this case differently. *See, e.g.*, *Pletcher*, 2022 WL 814268, at *9 (collecting cases in which courts have found that "principally engaged" refers to the "primary activities of a business, excluding only incidental activities" and that grocery stores and other retailers that provide pharmaceutical services as one component of their business are not subject to Section 504). In *Pletcher*, the court found that plaintiffs failed to state a plausible Section 504 claim against Giant Eagle, even though the Complaint alleged that Giant Eagle provided health care services such as vaccines, blood pressure monitoring, medical and pharmaceutical advice, and pharmaceutical services through its in-store pharmacy. *Id.* at *1. The allegations made in *Pletcher* far exceed those made by Plaintiff in this case. Even so, the *Pletcher* Court found the pleadings insufficient as to whether defendant was principally engaged in providing health care services as opposed to, for example, selling groceries. *Id.*

Not only did Plaintiff fail to allege any facts indicating that Target is principally engaged in providing a covered service, but like in *Pletcher*, the facts alleged are internally inconsistent. In the Section 504 context Plaintiff asserts that Target is *principally* engaged in providing one of the covered services. ECF No. 2 at ¶ 75. However, in the Title III context, Plaintiff provides that Target qualifies as a "bakery, grocery store, clothing store, hardware store, shopping center, or

11

other sales or rental establishment." *Id.* ¶ 42. Accordingly, even though Plaintiff alleges that Target receives federal financial assistance in the form of Medicare and Medicaid, he has failed to allege that Target is principally engaged in a covered business and therefore subject to Section 504. Count V must therefore be dismissed.

### c. Plaintiff's Pennsylvania Human Relations Act Claim

Finally, Plaintiff asserts a claim under the PHRA. ECF No. 2 at ¶ 67. Because Plaintiff's federal claims will be dismissed, Plaintiff must establish diversity jurisdiction over the remaining state law claim.[9] Under 28 U.S.C. § 1332(a), federal courts have jurisdiction to hear and determine suits between citizens of different states if the amount in controversy exceeds $75,000. In cases with multiple defendants, such as here, complete diversity is required: Plaintiff cannot be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Additionally, despite Plaintiff's contentions that Target has conceded diversity of citizenship, parties may not waive issues of subject matter jurisdiction. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (collecting cases).

Target first asserts that Plaintiff alleges only that he "resides" in New York, which is insufficient to establish citizenship. ECF No. 26 at 9; *see also, McIntyre v. Nationwide Mut. Fire Ins. Co.*, No. 01-cv-3746, 2001 WL 893697, at *1 n.1 (E.D. Pa. Aug. 6, 2001) (collecting cases). Though residency is not necessarily equivalent to citizenship, the Court will construe the Complaint to allege that Plaintiff is a citizen of New York because Plaintiff is *pro se*.

---

[9] It would be inappropriate for this Court to exercise supplemental jurisdiction over Plaintiff's state claim after the early dismissal of his federal claims. *See, e.g.*, *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."). At this early stage of litigation, the Court does not find any justification to exercise supplemental jurisdiction.

Target also points out that the Complaint alleges only that Target is "based in" Minnesota. ECF No. 2 at ¶ 2. However, in the case of a corporation, both "the state of incorporation and principal place of business should be alleged, as the corporation is a citizen of both states." *Lincoln Ben. Life. Co. v. AEI Life, LLC*, 800 F.3d 99, 106 (3d Cir. 2015). Again, because Plaintiff is *pro se*, the Court construes the Complaint to allege that Target is organized under the laws of Minnesota and has its principal place of business in Minneapolis. *See, e.g.*, *Target Corporation v. Seaman Corporation*, No. 18-cv-3305, 2021 WL 2526550 (D. Minn. June 21, 2021) (Plaintiff Target Corporation represented that Target is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota) (Amended Complaint, ECF No. 76).

Finally, the Complaint includes "numerous unnamed employees of Target" as defendants. ECF No. 2 at 1. However, the Complaint does not include any allegations as to the citizenship of these unnamed employees. ECF No. 2. Crucially, "John Doe parties destroy diversity jurisdiction if their citizenship cannot be truthfully alleged." *Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 494 (3d Cir. 2006). However, a Court may dismiss dispensable John Doe parties in order to preserve diversity where Plaintiff can "obtain complete relief without the presence of the John Doe plaintiffs." *Mortellite*, 460 F.3d at 494. The Court will therefore dismiss the unnamed employees of Target as defendants in order to preserve diversity jurisdiction. Accordingly, the Court will not dismiss Plaintiff's state law claim for lack of subject matter jurisdiction.

However, dismissal of Plaintiff's state law claim is nevertheless appropriate because, as a matter of law, Plaintiff has not alleged facts to support a claim under the PHRA. Indeed, "the Court may on its own initiative dismiss the complaint for failure to state a claim upon which relief can be granted where the inadequacy of the complaint is apparent as a matter of law." *Belfi v. USAA Federal Savings Bank*, No. 22-cv-2083, 2022 WL 4097325, at *3 (E.D. Pa. Sept. 7, 2022). The PHRA prohibits, in relevant part, any manager, agent, or employee of a "public

13

accommodation" from refusing, withholding, or denying, either directly or indirectly, "any of the accommodations, advantages, facilities or privileges of such public accommodation" on the basis of a "handicap or disability." 43 Pa. Stat. Ann. § 955(i). Target is a "public accommodation" under the PHRA. *See Sayed-Aly v. Tommy Gun, Inc.*, 170 F. Supp. 3d 771, 775 (E.D. Pa. 2016) (collecting cases recognizing retail and commercial entities, such as retail stores, as public accommodations); *see also* 43 Pa. Stat. Ann. § 954(l) (defining "public accommodation" to include drug stores and retail stores).

Even assuming that Plaintiff's condition qualifies as a disability, the facts alleged in the Complaint cannot be reasonably interpreted to suggest that Plaintiff was discriminated against on the basis of his alleged disability. Indeed, Plaintiff readily acknowledges that the Covid-19 virus caused "significant death and hospitalizations . . . in 2021." ECF No. 2 at ¶ 6. Moreover, Plaintiff acknowledges that the Center for Disease Control ("CDC") announced guidance requiring all people to wear masks in public places. *Id.* at ¶ 7. The Complaint does not articulate that Plaintiff was denied access to Target *because of* his disability but, rather, that he was denied access due to a public health emergency and legitimate safety concerns which informed Target's generally applicable mask policy. Therefore, enforcing the mask requirement against Plaintiff was not unlawful discrimination. *See Oravitz v. Saxonburg Borough*, No. 404-2011, 2011 WL 7443931, at *5 (Pa. Commw. Ct. Dec. 30, 2011) (the "question is whether the [defendant] denied [the plaintiff] any accommodation, advantage, facility, or privilege because of [the protected classification]"); *see also Vernon v. A&L Motors*, 381 Fed. App'x. 164, 167 (3d Cir. 2010) (Plaintiff must establish a "causal nexus" between membership in a protected class and the adverse action). Even viewed in the light most favorable to him, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has failed to allege a cognizable claim as a matter of law under the PHRA. Accordingly, Count IV must be dismissed.

## VI. CONCLUSION

For the reasons stated above, Target's Motion to Dismiss (ECF No. 23) will be **GRANTED** and this case will be **DISMISSED** with prejudice because any amendment would be futile.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**